## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 07 2015, 7:44 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Delvante Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 7, 2015

Court of Appeals Case No.
49A02-1412-CR-872

Appeal from the Marion Superior
Court

The Honorable Marc T.
Rothenberg, Judge

Trial Court Cause No.
49G02-1209-MR-61054

**Crone, Judge.**

# Case Summary

Delvante Jones appeals his conviction for murder following a jury trial. During the second day of his trial, Jones, who was represented by counsel, requested that he be permitted to proceed pro se. The trial court denied his request. On appeal, Jones asserts that he was improperly denied his constitutional right to self-representation. Concluding that his request to represent himself was per se untimely, we affirm his conviction.

# Facts and Procedural History

The facts relevant to the issue presented on appeal indicate that, on September 4, 2012, the State charged Jones with the murder of Glenn Storey.[1] Shortly thereafter, counsel entered an appearance on Jones's behalf. A jury trial began on September 29, 2014. On the morning of trial, Jones's trial counsel moved to withdraw her appearance referencing a "breakdown in the attorney client relationship." Tr. at 7. The trial court then asked Jones, "[A]re you satisfied with your attorney?" *Id*. Jones replied, "Yes." *Id*. The trial court denied the motion to withdraw. The State presented the testimony of four witnesses and, after a full day of trial, court recessed. On September 30, 2014, court reconvened for the second day of trial, and the State presented its fifth witness. During his counsel's cross-examination of that witness, Jones attempted to interrupt and ask questions that he believed his attorney was "not asking," *Id*.

---

[1] The State also charged Jones with the use of a firearm sentence enhancement. *See* Ind. Code § 35-50-2-11. That charge was dismissed upon motion by the State at the conclusion of trial.

at 163. The trial court dismissed the jury in order to speak to the parties outside the jury's presence. Noting that this was not the first time during trial that Jones had interrupted the proceedings, the trial court reprimanded Jones. Jones then requested, "I would like to uh, proceed without the assistance of counsel if that's fine with you?" *Id.* at 165. The trial court denied Jones's request as untimely. The jury returned to the courtroom, and the parties presented the remainder of the testimony and evidence. At the conclusion of the trial, the jury found Jones guilty of murder. This appeal ensued.

## Discussion and Decision

[3] Jones appeals his murder conviction claiming that he was improperly denied his constitutional right to represent himself. "[T]he right to self-representation is implicit in the Sixth Amendment to the United States Constitution, and Article 1, § 13, of the Indiana Constitution also guarantees this right." *Stroud v. State*, 809 N.E.2d 274, 279 (Ind. 2004) (relying in part on *Faretta v. California*, 422 U.S. 806, 821 (1975)). Because a request to proceed pro se is waiver of the right to counsel, there are several requirements to invoking the right to self-representation successfully. *Id.* "A defendant's request to proceed pro se must be clear and unequivocal, and it must be made within a reasonable time prior to the first day of trial." *Taylor v. State*, 944 N.E.2d 84, 89 (Ind. Ct. App. 2011).

[4] In the context of a request to proceed pro se, our supreme court has held that "morning-of-trial requests are per se untimely" and thus are properly denied. *Moore v. State*, 557 N.E.2d 665, 669 (Ind. 1990); *see also Campbell v. State*, 732

N.E.2d 197, 204 (Ind. Ct. App. 2000) (concluding that even if defendant had clearly and unequivocally asserted his right to self-representation during the course of the trial, "such request was per se untimely and its denial would have been proper."). Jones concedes that he did not make a clear and unequivocal request to represent himself at any time prior to the first day of trial. Indeed, on the first day of trial, Jones indicated satisfaction with the representation provided by counsel. Jones's request to proceed pro se was not made until the second day of trial after the State had presented the majority of its evidence. Under the circumstances, Jones's request was per se untimely and properly denied by the trial court. We affirm his murder conviction.

Affirmed.

May, J., and Bradford, J., concur.